NOT FOR PUBLICATION                                              (Doc. No. 37)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| REASSURE AMERICA LIFE INSURANCE COMPANY, | : : : : | |
| Plaintiff, | : : | Civil No. 09-1878 (RBK/KMW) |
| v. | : : | **OPINION** |
| THE GENNARO J. PERILLO & MINNIE PERILLO IRREVOCABLE TRUST f/b/o THE CHILDREN and THE GENNARO J. PERILLO & MINNIE PERILLO IRREVOCABLE TRUST f/b/o THE GRANDCHILDREN, | : : : : : : : : | |
| Defendants. | : : | |

**KUGLER**, United States District Judge:

This matter arises out of a dispute between the Gennaro J. Perillo & Minnie Perillo Irrevocable Trust for the Benefit of the Children ("the Children's Trust") and the Gennaro J. Perillo & Minnie Perillo Irrevocable Trust for the Benefit of the Grandchildren ("the Grandchildren's Trust") (collectively, "the Claimants") over the right to recover insurance proceeds from a policy issued by Reassure America Life Insurance Company ("Reassure America"). Reassure America brought this interpleader action as a stakeholder to adjudicate the competing claims of the Children's Trust and the Grandchildren's Trust. Before the Court is the Children's Trust's motion to dismiss the matter for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Because there is complete diversity between Reassure

1

America and the Claimants and because the amount in controversy exceeds $75,000, the Court denies the Children's Trust's motion.

## I.      BACKGROUND

Reassure America issued a $262,000 life insurance policy on Minnie Perillo ("Decedent"). (Compl. ¶ 12.)   Decedent designated the "Gennaro J. & Minnie Perillo Irrevocable Trust" as the policy's beneficiary.   (Compl. ¶ 13.)   After Decedent's death, Reassure America received benefit claims from the Children's Trust and the Grandchildren's Trust, both of which share the name "Gennaro J. & Minnie Perillo Irrevocable Trust."   (Compl. ¶¶ 2-3, 29.)

According to Reassure America, the trustee of the Children's Trust is Angela Stephan. (Compl. ¶ 2.)   The beneficiaries of the Children's Trust are Salvatore Perillo, Angela Stephan, and Michele Coyne.   (Id.)   The trustees of the Grandchildren's Trust are Salvatore Perillo, Angela Stephan, and Michele Coyne.   (Compl. ¶ 3.)   The beneficiaries of the Grandchildren's Trust are Michael and Amy Perillo, Kristen Stephan, Ashley Coyne, and one additional grandchild.   (Compl. ¶ 4.)

In April 2009, Reassure America filed this interpleader complaint against the Claimants to determine which is entitled to the policy's benefits.[1]   Reassure America asserted subject-matter jurisdiction under 28 U.S.C. § 1332 and § 1335.   (Compl. ¶¶ 9-10.)   To support jurisdiction, Reassure America asserted that it is a citizen of Indiana, Salvatore Perillo is a citizen of New Jersey, and Angela Stephan is a citizen of Maryland.   (Compl. ¶¶ 5-7.)

The Grandchildren's Trust and the Children's Trust timely answered.   Both parties admitted the citizenships of Salvatore Perillo and Angela Stephan, but did not have sufficient

---

1. On July 20, 2009, Reassure America deposited $306,159.56 (representing the insurance benefits plus interest) with the Clerk of the Court to be paid to the prevailing party.

2

information to respond to the citizenship of Reassure America.   (Grandchildren's Answer ¶¶ 5-7; Children's Answer ¶¶ 5-7.)   The Children's Trust denied that subject-matter jurisdiction existed under either statute.   (Children's Answer ¶¶ 9-10.)

In January 2010, the parties stipulated that Reassure America is discharged from any further liability arising from the policy and that the Children's Trust and the Grandchildren's Trust must litigate the question of entitlement to the policy's benefits amongst themselves.   (Consent Order 2-3, Jan. 4, 2010.)   The parties have also stipulated that Reassure America is dismissed from the current action.   (Consent Order 3, Jan. 4, 2010.)

In August 2010, the Children's Trust moved to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1).   The Children's Trust supported its motion with a Declaration by Angela Stephan.   According to Ms. Stephan: (1) she is the sole trustee of the Children's Trust and is a citizen of Maryland; (2) the beneficiaries of the Children's Trust are herself, Salvatore Perillo (a citizen of New Jersey), and Michelle Perillo née Michele Coyne (a citizen of New Jersey); (3) the trustees of the Grandchildren's Trust are herself, Salvatore Perillo, and Michelle Perillo; and (4) the beneficiaries of the Grandchildren's Trust are Michael and Amy Perillo (citizens of Pennsylvania), Kristen Stephan (a citizen of Maryland), and Ashley and Kelsey Coyne (citizens of New Jersey).   (Stephan Decl. ¶¶ 1-2.)   The Grandchildren's Trust submitted a brief opposing the 12(b)(1) motion.   This brief also relied on information from Ms. Stephan's Declaration.

## II.     STANDARD OF REVIEW

Rule 12(b)(1) permits a court to dismiss a case for lack of subject-matter jurisdiction. Motions under Rule 12(b)(1) may be "facial" or "factual" challenges to the court's jurisdiction. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).   A factual

challenge "may occur at any stage of the proceedings, from the time the answer has been served

until after the trial has been completed." Id. at 891-92.   During a factual challenge, "no

presumptive truthfulness attaches to plaintiff's allegations" and the court may consider and weigh

evidence outside of the pleadings.   Id. at 891.   The plaintiff bears "the burden of proof that

jurisdiction . . . exist[s]."   Id.   When, as here, the moving party supports its motion with a sworn

statement of facts, "the court should treat the . . . challenge as a factual attack on jurisdiction."

Med. Soc'y of N.J. v. Herr, 191 F. Supp. 2d 574, 578 (D.N.J. 2002).

## III.   DISCUSSION

Plaintiffs may use two methods to bring an interpleader action: statutory interpleader under

28 U.S.C. § 1335 and rule interpleader under Federal Rule of Civil Procedure 22.   See Metro. Life

Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007) (describing both methods).   Each method has a

different jurisdictional requirement.   Section 1335 confers subject-matter jurisdiction when: (1)

two or more claimants are diverse from each other and (2) at least $500 is in controversy and has

been deposited with the registry or clerk of the court.   28 U.S.C. § 1335.   As long as two

claimants are diverse from each other, the citizenships of the stakeholder or of other rival

claimants are irrelevant.   State Farm Fire & Cas. Co. v. Tashire, 368 U.S. 523, 531 (1967).[2]   In

contrast, a plaintiff relying on Rule 22 must show "an independent basis for subject matter

jurisdiction."   Metro. Life Ins. Co., 501 F.3d at 275.   Reassure America asserts jurisdiction under

28 U.S.C. § 1332, which requires: (1) "complete diversity between all plaintiffs and all

defendants[,]" Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005), and (2) an amount in

controversy that exceeds $75,000 after interests and costs, 28 U.S.C. § 1332(b).   In the

_____

2. Pursuant to 28 U.S.C. § 1335(a)(1), the Court evaluates the claimants' diversity using the definitions in 28 U.S.C. § 1332(a) and (d).

interpleader context, complete diversity means that the <u>stakeholder</u> must be diverse from all claimants. <u>Travelers Ins. Co. v. Johnson</u>, 579 F. Supp. 1457, 1459 (D.N.J. 1984).[3]  Dismissal of the stakeholder does not destroy diversity jurisdiction.  <u>See Ohio Nat'l Life Assurance Corp. v. Langkau</u>, 353 F. App'x 244, 249 (11th Cir. 2009); <u>Leimbach v. Allen</u>, 976 F.2d 912, 917 (4th Cir. 1992); <u>Aetna Life & Cas. Co. v. Spain</u>, 556 F.2d 747, 749 (5th Cir. 1977).

Claimants are both trusts.   The citizenship of a trust depends upon the citizenships of its trustees and its beneficiaries.   <u>Emerald Investors Trust v. Gaunt Parsippany Partners</u>, 492 F.3d 192, 205 (3d Cir. 2007).   Reassure America asserts that the Children's Trust has one trustee and three beneficiaries and the Grandchildren's Trust has three trustees and five beneficiaries, but it only pleads the citizenships of Salvatore Perillo and Angela Stephan.   (Compl. ¶¶ 2-4.)   Ms. Stephan's Declaration states the citizenships of all relevant parties.   (Stephan Decl. ¶¶ 1-2.)   The Court finds Ms. Stephan's Declaration credible because (1) she is a trustee of both trusts; (2) there are no contradictions between Ms. Stephan's information and the more limited information that Reassure America provided; and (3) the Grandchildren's Trust relies upon the Declaration in its brief opposing this motion.   Based on Ms. Stephan's Declaration, the Court finds that the Children's Trust has trustees and beneficiaries in Maryland and New Jersey and the Grandchildren's Trust has trustees and beneficiaries in Maryland, New Jersey, and Pennsylvania. Therefore, the Children's Trust is a citizen of Maryland and New Jersey and the Grandchildren's Trust is a citizen of Maryland, New Jersey, and Pennsylvania.

Because the Claimants are both citizens of New Jersey and Maryland, the interpleader

---

3. Although statutory interpleader and rule interpleader are distinct, courts may convert one method to the other when an interpleader complaint asserts one method and jurisdiction exists only under the other.  <u>See Truck-a-Tune, Inc. v. Re</u>, 23 F.3d 60, 62 (2d Cir. 1994) (agreeing with lower court's conversion of statutory interpleader to rule interpleader); <u>Geler v. Nat'l Westminster Bank</u>, 763 F. Supp. 722, 727 (S.D.N.Y. 1991) (construing statutory interpleader as rule interpleader to assert subject-matter jurisdiction).

complaint does not meet the standards of § 1335.   However, jurisdiction exists under § 1332 because the stakeholder, Reassure America, is a citizen of Indiana, neither Claimant is a citizen of Indiana, and the amount in controversy, excluding interest, is $262,000.

The Children's Trust nevertheless argues that the Court should realign the parties by (1) disregarding Reassure America and (2) placing the Children's Trust and the Grandchildren's Trust on opposite sides.   The Children's Trust claims that this realignment is proper because (1) Reassure America has no true interest in the litigation, and thus must be disregarded as a nominal party, see Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980); Bumberger v. Ins. Co. of N. Am., 952 F.2d 764, 767 (3d Cir. 1991) (defining nominal party), and (2) the claimants' interests are adverse to each other.   The Children's Trust bases its arguments on Treinies v. Sunshine Mining Co, 308 U.S. 66 (1939), in which the Supreme Court found that the minimal diversity requirement of the precursor to today's statutory interpleader was constitutional because "there is a real controversy between the adverse claimants."   Treinies, 308 U.S. at 71-72.   The Children's Trust also notes that several district courts have realigned interpleader parties.   See Tune, Entrekin & White, P.C. v. Magid, 220 F. Supp. 2d 887, 889 (M.D. Tenn. 2002); Hidey v. Waste Sys. Int'l, Inc., 59 F. Supp. 2d 543, 546 (D. Md. 1999); Alling v. C.D. Cairns Irrevocable Trusts P'ship, 889 F. Supp. 768, 770 (D. Vt. 1995).

The Court does not find the Children's Trust's arguments persuasive.   First, in Treinies, the Supreme Court explicitly declined to determine whether its finding was "inconsistent with . . . those cases where jurisdiction was rested on diversity of citizenship between the [stakeholder] and co-citizens who are claimants."   Treinies, 308 U.S. at 73 n.17.   Second, since that time, the majority view has been that complete diversity exists when the stakeholder is diverse from each claimant, regardless of whether diversity exists between the claimants.   See Ohio Nat'l Life

6

Assurance Corp., 353 F. App'x at 249; Hussain v. Bos. Old Colony Ins. Co., 311 F.3d 623, 635 n.46 (5th Cir. 2002); Franceskin v. Credit Suisse, 214 F.3d 253, 259 (2d Cir. 2000); Commercial Union Ins. Co. v. United States, 999 F.2d 581, 584 (D.C. Cir. 1993); Leimbach, 976 F.2d at 916; Home Indem. Co. v. Moore, 499 F.2d 1202, 1205 (8th Cir. 1974).   Courts uphold this view even after a stakeholder has been dismissed from the interpleader action.   See Ohio Nat'l Life Assurance Corp., 353 F. App'x at 249; Leimbach, 976 F.2d at 917; Aetna Life & Cas. Co., 556 F.2d at 749.   Finally, the Third Circuit has stated in dicta that in rule interpleader premised on § 1332 jurisdiction, "[i]t appears to be well-settled that diversity between the stakeholder and claimants is sufficient to confer federal jurisdiction[.]"   Angst v. Royal Maccabees Life Ins. Co., 77 F.3d 701, 703-04 (3d Cir. 1996); see also CNA Cos. v. Waters, 926 F.2d 247, 249 n.5 (3d Cir. 1991) (noting that for complete diversity to exist, the "stakeholder must be diverse from all claimants").   Thus, the Court finds that jurisdiction exists in this case because Reassure America is diverse from all claimants.

## IV.   CONCLUSION

For the reasons detailed above, the Court denies the Children's Trust's motion to dismiss for lack of subject-matter jurisdiction.

Dated: 3-2-11

_____
ROBERT B. KUGLER
United States District Judge