NOT FOR PUBLICATION                                                              (Doc. Nos. 54, 55)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____

REASSURE AMERICA LIFE                       :
INSURANCE COMPANY,                          :
                                            :
      Plaintiff,                            :    Civil No. 09-1878 (RBK/KMW)
                                            :
      v.                                    :    OPINION
                                            :
THE GENNARO J. PERILLO & MINNIE              :
PERILLO IRREVOCABLE TRUST f/b/o              :
THE CHILDREN and THE GENNARO J.              :
PERILLO & MINNIE PERILLO                     :
IRREVOCABLE TRUST f/b/o THE                  :
GRANDCHILDREN,                              :
                                            :
      Defendants.                           :
_____          :

**KUGLER**, United States District Judge:

      This matter arises out of a dispute between the co-Defendant Gennaro J. Perillo & Minnie Perillo Irrevocable Trust for the Benefit of the Children ("the Children's Trust") and the co-Defendant Gennaro J. Perillo & Minnie Perillo Irrevocable Trust for the Benefit of the Grandchildren ("the Grandchildren's Trust") (collectively, "the Claimants") over the right to recover insurance proceeds from a policy issued by Reassure America Life Insurance Company ("Reassure America"). Reassure America originally brought an interpleader action as a stakeholder to adjudicate the competing claims of the Children's Trust and the Grandchildren's Trust. Reassure America has since been dismissed from this action after depositing the life insurance proceeds into an escrow account pending identification of the proper life insurance

1

beneficiary.

Before the Court are cross-motions for summary judgment filed by the Children's Trust and the Grandchildren's Trust pursuant to Federal Rule of Civil Procedure 56. The Children's Trust seeks enforcement of a settlement agreement that was purportedly entered into by the Claimants. The Grandchildren's Trust seeks to have the Court designate it as the sole beneficiary of the Reassure America life insurance proceeds. For the following reasons, the Court denies both cross-motions for summary judgment.

## I.    BACKGROUND

Reassure America issued a $262,000 life insurance policy on Minnie Perillo ("Decedent"). Compl. ¶ 12. Decedent designated the "Gennaro J. & Minnie Perillo Irrevocable Trust" as the policy's beneficiary. Compl. ¶ 13. After Decedent's death, Reassure America received benefit claims from the Children's Trust and the Grandchildren's Trust, both of which share the name "Gennaro J. & Minnie Perillo Irrevocable Trust." Compl. ¶¶ 2-3, 29.

According to Reassure America, the trustee of the Children's Trust is Angela Stephan. Compl. ¶ 2. The beneficiaries of the Children's Trust are Salvatore Perillo, Angela Stephan, and Michele Coyne. *Id.* The trustees of the Grandchildren's Trust are Salvatore Perillo, Angela Stephan, and Michele Coyne. Compl. ¶ 3. The beneficiaries of the Grandchildren's Trust are Michael and Amy Perillo, Kristen Stephan, Ashley Coyne, and one additional grandchild. Compl. ¶ 4.

In April 2009, Reassure America filed an interpleader complaint against the Claimants to determine which is entitled to the policy's benefits.[1]  In January 2010, the parties stipulated that

---

1. On July 20, 2009, Reassure America deposited $306,159.56 (representing the insurance benefits plus interest) with the Clerk of the Court to be paid to the prevailing party.

Reassure America be discharged from any further liability arising from the policy and that the Children's Trust and that the Grandchildren's Trust would litigate the question of entitlement to the policy's benefits among themselves. Consent Order 2-3, Jan. 4, 2010. The parties have also stipulated that Reassure America is dismissed from the current action. *Id.* at 3.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if the evidence is such that a reasonable jury could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, the Court is not to make credibility determinations regarding witness testimony. *Sunoco, Inc. v. MX Wholesale Fuel Corp.*, 565 F. Supp. 2d 572, 575 (D.N.J. 2008). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

However, to defeat a motion for summary judgment, the nonmoving party must present competent evidence that would be admissible at trial. *See Stelwagon Mfg. Co. v. Tarmac Roofing Sys.*, 63 F.3d 1267, 1275 n.17 (3d Cir. 1995). The nonmoving party "may not rest upon the mere allegations or denials of" its pleadings and must present more than just "bare assertions [or] conclusory allegations or suspicions" to establish the existence of a genuine issue of material fact. *Fireman's Ins. Co. of Newark, N.J. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982) (citation omitted); *see* Fed. R. Civ. P. 56(e). "A party's failure to make a showing that is 'sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' mandates the entry of summary judgment."

*Watson v. Eastman Kodak Co.*, 235 F.3d 851, 857-58 (3d Cir. 2000) (quoting *Celotex Corp.*, 477 U.S. at 322).

### III. DISCUSSION

#### A. The Grandchildren's Trust's Motion

The Grandchildren's Trust asserts that it is entitled to summary judgment on its behalf because Minnie Perillo's application for life insurance benefits designated the "'Gennaro J. & Minnie Perillo Irrevocable Trust,' Salvatore Perillo, Trustee," as the owner and beneficiary of the policy.   Compl. ¶ 13.   The Grandchildren's Trust argues that because Salvatore Perillo was never a trustee of the Children's trust, and because there are only two trusts with the name "Gennaro J. & Minnie Perillo Irrevocable Trust," the policy unequivocally designates the Grandchildren Trust as its sole beneficiary. *See* Def. Grandchildren's Trust Br. 5-6.

However, as the Children's Trust notes, there is evidence in the record indicating that the Children's Trust may have been the intended beneficiary. The Children's Trust references a memo prepared by Salvatore Perillo dated November 23, 2005, which states that the "Gennaro J. & Minnie Perillo Irrevocable Trust . . . . which is *funded by insurance policies*, creates three sub-trusts in the name of the three children." *See* Applegate Decl. Ex. G (emphasis added). From this sentence, one can infer that the Children's Trust, which is under the names of the three children, may have been the intended beneficiary of the Reassurance America policy. The Children's Trust also notes that the Reassure America life insurance policy is the only insurance policy that has not been paid out. Def. Children's Trust Br. 9. The other insurance policies were paid to the Gennaro J. Perillo Irrevocable Life Insurance Trust. Def. Children's Trust Br. 11. Therefore, if the Children's Trust is to be funded by insurance policies, then it is reasonable to

infer that the Reassure America policy, being the last policy remaining, could have been intended to benefit the Children's Trust. Because the Court must draw all reasonable inferences in favor of the non-moving party, the memo prepared by Salvatore Perillo creates an issue of material fact that necessarily defeats The Grandchildren's motion for summary judgment.

The Children's Trust also notes that an inference can be drawn from the fact that Minnie Perillo had three other life insurance policies in addition to the Reassure Policy at the time of her death, all of which were paid to the Gennaro J. Perillo Irrevocable Insurance Trust. *See* Applegate Decl. Ex. F. Thus, it would be consistent with Minnie Perillo's estate plan for the Reassure policy to be paid over to the Gennaro J. Perillo Irrevocable Insurance Trust, of which Salvatore Perillo is the sole trustee. Def. Children's Trust Br. 11. This inference is further supported by the fact that the Grandchildren's Trust has three named trustees, and the Reassure America policy only named one trustee, Salvatore Perillo. *Id.*

Because the Children's Trust has successfully raised genuine issues of material fact with regard to the beneficiary of the Reassure Policy, the Grandchildren Trust's motion for summary judgment must be denied.

**B.  The Children's Trust's Motion**

The Children's Trust asserts that a settlement agreement was entered into by the Claimants, and that the Court should therefore enforce the settlement agreement. The Grandchildren's Trust asserts that no valid settlement agreement was entered into, and that, due to collateral estoppel, the Court should apply the finding of the Superior Court of New Jersey in which "[t]he Court determine[d] and declare[d] that there was no binding settlement agreement entered into by the parties." *In re The Perillo Irrevocable Life Insurance Trust*, No. 111001 (N.J. Super. Ct. Ch. Div., Aug. 9, 2011) (order denying cross-motions for summary judgment).

Because the Grandchildren's Trust seeks to apply collateral estoppel with respect to a New Jersey State Court decision, this Court applies New Jersey's laws on issue preclusion. *See Marrese v. American Academy of Orthopedic Surgeons,* 470 U.S. 373, 380 (1985).  Under New Jersey law, the party asserting collateral estoppel to foreclose the relitigation of an issue must establish the existence of five conditions:

> (1) the issue to be precluded is identical to the issue decided in the prior proceeding;
> (2) the issue was actually litigated in the prior proceeding;
> (3) the court in the prior proceeding issued a final judgment on the merits;
> (4) the determination of the issue was essential to the prior judgment; and
> (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

*Olivieri v. Y.M.F. Carpet, Inc.*, 186 N.J. 511, 521 (2006). Moreover, collateral estoppel "has its roots in equity" and as such will be applied with a view towards obtaining a fair result for all parties. *See Pace v. Kuchinsky*, 347 N.J. Super. 202, 215 (App. Div. 2002)

Of these five factors, only the final factor is in issue.  Regarding the fifth factor, the parties do not dispute that in both the state court action and the case before this Court, the same individuals are adverse parties.  In both actions, Angela Stephan adopts the same position and seeks the same outcome in the litigation involving Salvatore Perillo and Michele Coyne, who assert identical positions.  However, the Children's Trust asserts that the parties are nonetheless different because the action pending before this Court is between both Trusts (the Children's Trust and the Grandchildren's Trust), whereas the state litigation was between each Trust's trustees in their individual capacity.  Specifically, the action before this Court involves the Children's Trust, of which Angela Stephan is the sole trustee, versus the Grandchildren's Trust, of which Salvatore Perillo, Michele Coyne, and Angela Stephan are all trustees.  The Children's Trust notes that "a party appearing in a representative capacity for others is not bound by the

determination of an earlier suit in which he appeared only in an individual capacity." *Freeman v. Lester Coggins Trucking, Inc.*, 771 F.2d 860, 863 (5th Cir.1985).

The Children's Trust's argument must fail because while the representative capacity versus individual capacity distinction can be determinative in collateral estoppel litigation, in the instant case Angela Stephan's litigation on behalf of the Children's Trust involves precisely the same interests as her litigation in her individual capacity on the same issue. Courts have applied collateral estoppel in cases where the parties are not identical, but in which the interests of the "real part[ies] in interest" have been preserved. *See in re Bed Bath & Beyond Inc. Derivative Litigation*, 2007 WL 4165389, *7 (D.N.J. 2007) (applying collateral estoppel in a shareholder derivative suit to preclude another shareholder from relitigating the same issue against the board of directors); *see also Green v. Santa Fe Indus., Inc.,* 70 N.Y.2d 244, 253, 519 N.Y.S.2d 793, 514 N.E.2d 105 (N.Y.1987) ("Generally, to establish privity the connection between the parties must be such that the interests of the nonparty can be said to have been represented in the prior proceeding."). Here, though Angela Stephan is litigating in a representative capacity on behalf of the Children's Trust, Angela Stephan herself is one of the three beneficiaries of the trust. Thus, Angela Stephan herself is the "real party in interest" in this litigation. Indeed, Angela Stephan, being a trustee of both the Children's Trust and the Grandchildren's Trust, cannot claim that application of the State Court's holding, which finds in favor of the Grandchildren's Trust on the settlement enforcement issue, would be unjust.

In light of the above analysis, the Court finds that all five collateral estoppel factors have been established between the state court litigation and the instant litigation. Therefore, the Children's Trust motion for settlement enforcement must be denied.

## IV. CONCLUSION

For the reasons detailed above, the Court denies both Claimants' cross-motions for summary judgment.


Dated: 10/14/2011                                              /s/ Robert B. Kugler
                                                                                                             ROBERT B. KUGLER
                                                                                                             United States District Judge